Craig E. Guenther SBN 126134
ceguenther@boothmitchel.com
Stacie L. Brandt SBN 166399
slbrandt@boothmitchel.com
BOOTH, MITCHEL & STRANGE LLP
701 South Parker Street, Suite 6500
Orange, California 92868
(714) 480-8500 - fax (714) 480-8533

Attorneys for Plaintiff
ARCH INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCH INSURANCE COMPANY, a Missouri corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SURF AND TURF HOLDING COMPANY, LLC, a California limited liability company; TWO UNITED OIL, LLC, a California limited liability company; USS CAL BUILDERS, INC., a California corporation; OKLAN, LLC, a California limited liability company; ALLEN OTHMAN, an individual; ERIC OTHMAN A/K/A IMAD ERIC OTHMAN, an individual; SHEREEN OTHMAN, an individual; ALLEN OTHMAN, AS TRUSTEE OF THE 2011 ALLEN OTHMAN TRUST; SHEREEN OTHMAN AND ERIC OTHMAN, AS TRUSTEES OF THE IMAD AND SHEREEN OTHMAN FAMILY TRUST; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 8:22-cv-1159<br><br>**ARCH INSURANCE COMPANY'S COMPLAINT** |

Plaintiff Arch Insurance Company ("Arch") hereby asserts its Complaint against the above-listed Defendants as follows:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction to hear this case under 28 U.S.C § 1332 based on complete diversity of citizenship between the parties and because the amount in controversy, exclusive of the costs, fees, and interest, exceeds $75,000. The Court has personal jurisdiction over the parties because they transact business, were incorporated in, or maintain their principal place of business in, and/or are residents, or their LLC members are residents, of the State of California.

2. Venue is appropriate in this District because the Defendants reside in this judicial District, and /or a substantial part of the events or omissions giving rise to the claims contained in this Complaint occurred in this judicial District, or a substantial part of property that is the subject of the action is situated this judicial District.

## THE PARTIES

3. Arch is, and at all relevant times herein was, a corporation duly organized and existing under the laws of the State of Missouri, with a principal place of business in Jersey City, New Jersey. At all relevant times, Arch was duly licensed to conduct business in the State of California. Arch is an admitted surety insurer in the State of California, among other jurisdictions, and issues contract surety bonds, among other bonds and lines of insurance, in the course of its business.

4. Defendant Surf and Turf Holding Company, LLC ("Surf and Turf") is a limited liability company duly organized and existing under the laws of the State of Nevada, with a principal place of business in Stanton, California, in the County of Orange.

5. Defendant Two United Oil LLC ("Two United Oil") is a limited liability company duly organized and existing under the laws of the State of California, with a principal place of business in Stanton, California, in the County of Orange.

6. Defendant USS Cal Builders ("USS Cal") is corporation in the business of performing construction work, duly organized and existing under the laws of the State of California, with a principal place of business in Stanton, California in the County of Orange.

7. Defendant Oklan LLC a/k/a Oaklan LLC is a limited liability company duly organized under the laws of the State of California, with a principal place of business in Stanton, California, in the County of Orange. and its status listed as terminated.

8. Defendant Allen Othman is a natural person with his place of residence in Huntington Beach, California, County of Orange.

9. Defendant Eric Othman a/k/a Imad Eric Othman is a natural person with his place of residence in Los Alamitos, California.

10. Defendant Shereen Othman is a natural person with her place of residence in Los Alamitos, California.

11. Defendant Allen Othman as Trustee of the 2011 Allen Othman Trust, is sued as trustee of a trust existing under the laws of the State of California.

12. Defendants Shereen Othman and Eric Othman as Trustees of the IMAD and Shereen Othman Family Trust are sued as trustees of a trust existing under the laws of the State of California.

13. Jurisdiction exists in this Court pursuant to 28 U.S.C. §1332 in that complete diversity of citizenship exists between Plaintiff on one hand and Defendants on the other.

## GENERAL ALLEGATIONS

14. On or about May 27, 2015, Defendants USS Cal, Allen Othman, Eric Othman, Shereen Othman, Oklan LLC, Shereen Othman and Eric Othman as Trustees of the IMAD and Shereen Othman Family Trust, and Allen Othman as Trustee of the 2011 Allen Othman Trust (the "Collateral Pledge Indemnitors") executed a General Indemnity Agreement (the "May 2015 GIA") in favor of Arch. The May 2015 GIA was one of a series of similar agreements.

15. In reliance upon the May 2015 GIA and other earlier agreements executed by the Collateral Pledge Indemnitors and others, Arch issued payment and performance bonds on behalf of USS Cal in regard to construction contracts into which USS Cal had entered.

16. As a result of financial problems encountered by USS Cal, Arch began extending financial assistance to USS Cal in the Summer of 2018, including the funding of payments to

**ARCH INSURANCE COMPANY'S COMPLAINT**

subcontractors, suppliers, and employees of USS Cal on projects relating to which Arch had provided payment and performance bonds.

17. The Collateral Pledge Indemnitors, together with affiliated companies, executed a series of collateral pledge agreements, Notes, and Deeds of Trust, provided to Arch in regard to Arch's extension of financial assistance to USS Cal.

18. Among the agreements referenced in the preceding paragraph is the Second Amendment to the Collateral Pledge Agreement, entered into on or about January 16, 2019, and executed by Arch, Allen Othman, Eric Othman, and Shereen Othman, among others.

19. The Second Amendment includes an assignment of contract funds due and owing to USS Cal on bonded contracts:

> INDEMNITORS assign, transfer, convey and set over to SURETY all Project contract funds to be held by SURETY as Collateral Property and used at SURETY's sole and independent discretion to reimburse itself for any amounts due from the INDEMNITORS.

20. The Second Amendment required USS Cal to direct project owners to direct payments to a Special Account with a specific address in Wichita, Kansas. It specified that any payments received directly by USS Cal were held in trust for the benefit of Arch:

> In the event that any payment on any Second Amendment Project is received directly by USS Cal Builders, the INDEMNITORS agree that:
> (a) such payment will be held by the INDEMNITORS in trust for the SURETY, which is the beneficial owner of such payment, and
> (b) the INDEMNITORS will cause such payment to be sent immediately to the SURETY for deposit into the Second Amendment Disbursement Account.

21. In 2019, checks (the "Diverted Project Checks") were received by USS Cal but were not transmitted to Arch. Rather, they were negotiated by the Defendants and diverted to other uses. A true and correct copy of a spreadsheet listing the Diverted Project Checks is attached hereto as Exhibit "A."

22. Each of the Diverted Project Checks was made out to USS Cal, but the Collateral Pledge Indemnitors had assigned all beneficial rights in such checks to Arch and had agreed to cause them to be used only for Arch's benefit.

23. A subset of the Diverted Project Checks (the "US Metro Diverted Project Checks")

**ARCH INSURANCE COMPANY'S COMPLAINT**

were negotiated to and/or applied to a loan or loans from US Metro Bank on which Two United Oil is a debtor (the "US Metro Indebtedness"). A true and correct copy of a spreadsheet listing the US Metro Diverted Project Checks is attached hereto as Exhibit "B."

24. Allen Othman caused the diversion of the proceeds of the US Metro Diverted Project Checks to the US Metro Indebtedness. He is both an agent of Two United Oil and managing member of Surf and Turf, a member of Two United Oil.

## FIRST CAUSE OF ACTION

## Count One – Conversion

### (Against Two United Oil, Surf and Turf, Collateral Pledge Indemnitors, and DOES 1-10)

25. The allegations contained within paragraphs 1-24 are incorporated as if fully set forth herein

26. As they were funds due and owing USS Cal on a bonded project, Arch had been assigned the US Metro Diverted Project Checks.

27. Using them for the US Metro Indebtedness was a wrongful act performed by Allen Othman on behalf of Two United Oil to deprive Arch of its property rights.

28. Arch has suffered damages in that the US Metro Diverted Project Checks were not given to Arch.

29. Arch seeks recovery for damages in an amount in excess of $75,000. Arch additionally seeks interest, attorney's fees, costs of this case, punitive damages, and all other sums justly due to Arch in an amount to be proven at the time of trial.

## SECOND CAUSE OF ACTION

## Count Two – Unjust Enrichment

### (Against Two United Oil, Surf and Turf, Collateral Pledge Indemnitors, and DOES 1-10)

30. The allegations contained within paragraphs 1-29 are incorporated as if fully set forth herein.

31. Two United Oil, by and through its agents, was aware that the US Metro Diverted Project Checks did not belong to Two United Oil and that it lacked the right to retain them or to apply them to the US Metro Indebtedness.

32. The law implies a duty in Two United Oil to make restitution for the amount of the US Metro Diverted Project Checks. It would be unjust for Two United Oil to retain those funds

33. Arch seeks recovery for damages in an amount in excess of $75,000. Arch additionally seeks interest, attorney's fees, costs of this case, punitive damages, and all other sums justly due to Arch in an amount to be proven at the time of trial.

## THIRD CAUSE OF ACTION

### Count Three Breach of Trust

### (Against USS Cal, Collateral Pledge Indemnitors, and DOES 1-20)

34. The allegations contained within paragraphs 1-33 are incorporated as if fully set forth herein.

35. Each of the Diverted Project Checks was received by USS Cal, thereby creating a trust under the Second Amendment, and creating in the Collateral Pledge Indemnitors fiduciary duties as trustees of such trust.

36. By causing and permitting the Diverted Project Checks to be deposited in other accounts rather than sent to Arch in accordance with the trust provisions of the Second Amendment, the Collateral Pledge Indemnitors failed their fiduciary duties to Arch and deprived Arch of the benefit of the Diverted Project Checks.

37. Arch seeks recovery for damages in an amount in excess of $75,000. Arch additionally seeks interest, attorney's fees, costs of this case, punitive damages, and all other sums justly due to Arch in an amount to be proven at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Arch Insurance Company prays judgment as follows:

1. For a full and complete accounting of all trust assets and damages in an amount in excess of $75,000, in addition to interest;

2. For Plaintiff's costs of suit and, to the extent permitted by law, reasonable attorneys' fees;

3. For prejudgment interest on all sums awarded; and

4. For such other and further relief as is deemed necessary and proper by the Court.

Dated: June 13, 2022

Booth Mitchel & Strange LLP

By: _____
CRAIG E. GUENTHER
STACIE L. BRANDT
Attorneys for Plaintiff
ARCH INSURANCE COMPANY

**ARCH INSURANCE COMPANY'S COMPLAINT**

**EXHIBIT "A"**

| Exhibit A - Diverted Project Checks | |
|---|---|
| **Check** | **Amount** |
| Payment from Owner on Houghton Park (SU 1148760) | $ 604,415.32 |
| Payment from Owner on Daniel Webster (SU 1150430) | $ 549,593.05 |
| Payment from Owner on Otay Mesa (SU 1131796) | $ 561,746.50 |
| Payment from Owner on Algin Sutton (SU 1148754) | $ 563,933.33 |
| Payment from Owner on Caltrans 274 (SU 1137969) | $ 59,860.40 |
| Payment from Owner on Caltrans 274 (SU 1137969) | $ 29,238.74 |
| Payment from Owner on Caltrans 277 (SU 1137973) | $ 102,363.21 |
| Payment from Owner on Caltrans 277 (SU 1137973) | $ 38,286.25 |
| Payment from Owner on Caltrans 277 (SU 1137973) | $ 84,154.94 |
| Payment from Owner on Caltrans 277 (SU 1137973) | $ 56,889.42 |

| | |
|---|---|
| Payment from Owner on John Glenn (SU 1148739) | $ 107,682.89 |
| Payment from Owner on John Glenn (SU 1148739) | $ 275,971.56 |
| Payment from Owner on John Glenn (SU 1148739) | $ 862,970.46 |
| Payment from Owner on Daniel Webster (SU 1150430) | $ 848,595.94 |
| Payment from Owner on John Glenn (SU 1148739) | $ 433,496.88 |

**EXHIBIT "B"**

| Exhibit B - US Metro Diverted Project Checks | | |
|---|---|---|
| **Check** | **Amount** | |
| | | |
| Payment from Owner on Algin Sutton (SU 1148754) | $ 563,933.33 | |
| Payment from Owner on Caltrans 274 (SU 1137969) | $ 59,860.40 | |
| Payment from Owner on Caltrans 274 (SU 1137969) | $ 29,238.74 | |
| Payment from Owner on Caltrans 277 (SU 1137973) | $ 102,363.21 | |
| Payment from Owner on Caltrans 277 (SU 1137973) | $ 38,286.25 | |
| Payment from Owner on Caltrans 277 (SU 1137973) | $ 84,154.94 | |
| Payment from Owner on Caltrans 277 (SU 1137973) | $ 56,889.42 | |
| Payment from Owner on John Glenn (SU 1148739) | $ 275,971.56 | |
| Payment from Owner on John Glenn (SU 1148739) | $ 862,970.46 | |
| Payment from Owner on Daniel Webster (SU 1150430) | $ 848,595.94 | |

| | | |
|---|---|---|
| Payment from Owner on John Glenn (SU 1148739) | $  433,496.88 | |